UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WAYNE A. GOLDER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | No. 2:15-CV-00017-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment. ECF Nos. 18, 20. The parties have consented to proceed before a magistrate judge. ECF No. 3. After reviewing the administrative record and the parties' briefs, the court **grants** defendant's motion for summary judgment, **ECF No. 20**.

**JURISDICTION**

Mr. Golder protectively applied for disability insurance benefits (DIB) supplemental security income (SSI) benefits on January 3, 2012 (Tr. 205-14). He alleged onset began November 26, 2008. Benefits were denied initially and on reconsideration (Tr. 131-34, 139-45, 149-50). ALJ Rebekah Ross held a hearing August 23, 2013 (Tr. 33-70) and issued an unfavorable decision on September 9,

ORDER - 1

2013 (Tr. 13-25). The Appeals Council denied review on December 15, 2014 (Tr. 1-5). The matter is now before the Court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on February 9, 2014. ECF No. 1, 6.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are briefly summarized here and as necessary to explain the court's decision.

Golder was 43 years old at onset and 48 at the hearing. He graduated from high school and has taken some college classes. He was honorably discharged from the Air Force in 1992 and has worked as a drier/puller/feeder and forklift driver. He alleges disability based on headaches, degenerative disc disease, chronic pain, and adjustment disorder. He was not receiving mental health or shoulder treatment at the time of the hearing. Golder alleges the ALJ should have found he is more limited (Tr. 35-36, 39, 42-45, 62-64, 239, 714).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a

plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed

impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

      The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

ORDER - 5

interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Ross found Golder was insured through December 21, 2013 (Tr. 13, 15). At step one the ALJ found that, although it appears Golder worked at substantial gainful activity levels after onset (in 2008 and 2009), there has been a period of longer than twelve months that he has not worked at this level (Tr. 15, 221, 228). At steps two and three, she found Golder suffers from obesity, left shoulder impingement, rotator cuff tear and knee arthralgia, impairments that are severe but do not meet or medically equal a listed impairment (Tr. 15, 17-18). The ALJ found Golder less than fully credible (Tr. 19-22). She found Golder can perform a range light work (Tr. 18). At step four, the ALJ found Golder is unable to perform any past relevant work (Tr. 23). At step five, the ALJ found there are

other jobs Golder can perform, meaning he is not disabled as defined by the Act (Tr. 24-25).

**ISSUES**

Golder alleges the ALJ erred at step two, failed to properly weigh the opinions of several professionals, erred at step three and assessed a residual functional capacity for light work that is unsupported by the evidence. ECF No. 18 at 2. The Commissioner responds that the ALJ applied the correct legal standards and the decision is supported by substantial evidence. She asks the court to affirm. ECF No. 20 at 2.

**DISCUSSION**

*A. Credibility*

Golder does not challenge the ALJ's credibility assessment, making it a verity on appeal. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008). He challenges the weight the ALJ gave several opinions. ECF No. 18 at 8-10.

To aid in weighing the conflicting medical evidence, the ALJ evaluated Golder's credibility. Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). It is the province of the

ORDER - 7

ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reason for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ's reasons are clear and convincing.

The ALJ notes activities of working, laundry, cooking, housework, mowing and raking the lawn, caring for pets (5 dogs, 5 cats, 4 birds), riding a motorcycle, grocery shopping, helping his son with homework and driving during the relevant timeframe are inconsistent with allegedly disabling limitations. And, the ALJ points out, plaintiff has done work-like activities after onset, including working four hour days for two and a half months in a computer lab (Tr. 16, 22, 35, 37, 50-52, 59, 255-58, 265-70, 714-16).

The course of treatment and medical findings are not consistent with plaintiff's complaints. Plaintiff testified his last shoulder treatment was physical therapy that ended in the summer of 2012, about a year before the hearing (Tr. 22, 45). Testing in January 2013 showed no weakness in the left shoulder (Tr. 21, 1151). Plaintiff has made inconsistent statements and complaints. He testified he can lift eight pounds with the left arm and fifty with the right, walk for an hour,

ORDER - 8

stand fifteen to twenty minutes and sit for half an hour. Golder testified he takes pain medication daily but if he worked, by day three, he would have to take medication during the day. He testified he does not think he has any mental limitations. He reported to the SSA he cannot afford to see a doctor to deal with depression. In the past he has utilized veterans' benefits (Tr. 22, 48-50, 62, 254, 1151).

Even though the ALJ improperly relied on a finding that Golder failed to allege a severe mental impairment, the error is harmless because the ALJ's remaining reasons are clear, convincing and supported by the record. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)(internal citations omitted)(error that does not negate the overall the validity of the ALJ's ultimate credibility determination and that determination is supported by substantial evidence supporting the conclusion, is harmless); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005)(daily activities and lack of consistent treatment are properly considered); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002)(proper factors include inconsistencies in claimant's statements and inconsistencies between statements and conduct).

*B. Weighing opinion evidence*

Golder alleges the ALJ should have given more credit to the opinion of evaluating psychologist Kathleen Mayers, Ph.D. He alleges "the examination

ORDER - 9

found that Mr. Golder had been depressed for about two years and was feeling helpless, hopeless, and worthless." ECF No. 18 at 5, citing Tr. 714.

The examiner did not make these "findings." It simply reflect statements Golder made to Dr. Mayers. As noted, the ALJ properly found plaintiff less than fully credible. The ALJ was not required to credit these statements. Similarly, plaintiff alleges Dr. Mayers "found that he had poor eating and sleeping [habits], and that he was not able to experience joy and pleasure and was losing interest in everything." ECF No. 18 at 5-6, citing Tr. 714. Again Dr. Mayers did not so "find"; rather, she simply recorded Golder's statements. Notably plaintiff told Dr. Mayers psychotropic medication helped depression in the past but he was not currently taking it (Tr. 343, 713-14).

A physician's opinion that is premised on Plaintiff's subjective complaints and testing within Plaintiff's control is properly given the same weight as Plaintiff's own credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).The ALJ was therefore entitled to give these statements the same degree of credibility she gave Golder – a diminished amount.

Plaintiff alleges Dr. Mayers' diagnosis of an adjustment disorder "would affect his ability to interact with coworkers" and maintain concentration in the workplace. ECF No. 18 at 6. Plaintiff fails to cite anything in the record supporting this statement.

ORDER - 10

Rather, Dr. Mayers opined Golder is capable of understanding, remembering and carrying out three-step instructions as well as detailed tasks. She specifically found he *would* be able to interact with others in a work setting, and his fund of information and concentration were good (Tr. 717). The mental status exam showed at most mild deficits. Dr. Mayers' opinion supports the ALJ's determination Golder does not suffer from a severe mental impairment.

The ALJ notes Golder began a computer technician training program in August 2010 that required completing an internship, which he did in 2011. He worked four hours a day for two and a half months and reported no problems. He failed to complete the program due to lack of money, rather than mental or physical limitations (Tr. 22). Golder's ability to perform work-like activities and Dr. Mayers' opinion both fully support the ALJ's step two finding that Golder does not suffer from a severe mental impairment.

With respect to physical limitations, plaintiff's surgeon opined in April 2011, four months after the second shoulder surgery in 2010, that Golder was capable of light duty work (Tr. 440, 907). In December 2011, he opined Golder "may begin work immediately" as a computer technician. In August 2011 an examining doctor opined shoulder strength was 5/5. He opined Plaintiff could return to work immediately but needed to avoid repetitive use of the left arm above shoulder level. The treating surgeon agreed with these findings, diagnoses and

ORDER - 11

conclusions "in every particular" on August 20, 2012, about a year before the hearing (Tr. 481, 485, 501, 608, 620, 824-24, 934). The ALJ included the repetitive lifting limitation in the assessed residual functional capacity.

It is the ALJ's province to resolve ambiguity in the record. Although Golder alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

*C. Steps two and three*

Golder alleges the ALJ should have found headaches and adjustment disorder with depressed mood are severe impairments. ECF No. 18 at 5-6. The Commissioner responds that the ALJ properly found at step two that these are not severe impairments. ECF No. 20 at 2-7.

A diagnosis may establish a medically determinable impairment, but does not alone establish an impairment is severe. An impairment or combination of impairments may be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005)(citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996 )(internal quotation marks omitted). Step two is a "de minimis screening device [used] to dispose of groundless claims," and an ALJ may find that a claimant lacks a medically severe impairment or combination of

ORDER - 12

impairments only when his conclusion is "clearly established by medical evidence." *Webb*, 433 F. 3d a 687, citing *Smolen*, 80 F.3d at 1290; S.S.R. 85-28. An impairment is severe if it significantly limits the mental or physical ability to do basic work activities.

The ALJ notes a treatment provider opined in October 2012 that plaintiff suffers no mental health condition requiring further intervention. A depression screen was negative (Tr. 1187-1190). The ALJ states plaintiff failed to allege any severe mental impairment (Tr. 18, referring to Tr. 306-307). As both parties acknowledge, this is error. It is harmless, however, because the ALJ's other reasons for finding no severe mental impairment are fully supported.

Psychologist Kathleen Mayers, Ph.D., evaluated plaintiff on March 21, 2012 (Tr. 713-17). She opined concentration and persistence were good, plaintiff would probably be "far happier" if he was working and she felt referring him to the Department of Vocational Rehabilitation might be helpful. She did not assess mental limitations (Tr. 17, 716-17). The ALJ is correct that Golder fails to establish a severe mental impairment. With respect to Dr. Mayers' opinion, Golder recasts the same allegation that the ALJ failed to properly weigh the evidence.

Plaintiff alleges headaches are a severe impairment. He testified he suffers migraine headaches as a result of neck pain (Tr. 45), the record clearly shows he suffers from headaches (Tr. 1143) and headaches make it difficult to concentrate

(Tr. 259). Golder alleges the ALJ's failure to make any determination with respect to plaintiff's headaches requires remand. ECF No. 18 at 6.

The ALJ points out Dr. Mayers found Golder would have no limitation in the ability to maintain attention and concentration through a normal work day (Tr. 17, 717). The record plaintiff cites as clearly showing he suffers headaches, Tr. 1143, is a medical record from March 2013 indicating Golder reports he has headaches (Tr. 1143). As the Commissioner accurately points out, a step two determination can only be made "on the basis of objective medical evidence." ECF No. 20 at 6. Golder fails to cite any objective medical evidence in support of this allegation.

As indicated the ALJ properly found plaintiff's adjustment disorder did not significantly limit his ability to perform basic work activities, as required to find an impairment severe at step two. The record also does not support finding headaches are a severe impairment at step two. *See Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001).The Commissioner is correct.

*Step three*

Golder alleges the ALJ should have found his impairments meet Listings 1.02 (shoulder condition) and 12.04 (affective disorders). ECF No. 18 at 6-8.

As noted Golder's mental impairments do not even rise to the level of severe at step two. There is no evidence he suffers a mental impairment meeting or equaling the severity of a Listed impairment.

With respect to meeting the Listing for his shoulder impairment, plaintiff cites Tr. 322-24, 327-28, 338, 352, 434, 549, 1148, 1151. ECF No. 18 at 7.

The Commissioner observes that these records do not support Golder's allegation his shoulder impairment meets the criteria of Listing 1.02(b) because he is unable to show this impairment results in an inability to perform fine and gross movements effectively. ECF. No. 20 at 8-9, referring to C.F.R. Part 404, Subpt. P. Appx. 1, § 1.02; ECF No. 18 at 7.

The Commissioner is correct. Golder's activities include using the computer, cooking, cleaning, laundry, grocery shopping, riding a motorcycle, and driving – all requiring fine and gross movements (Tr. 255-58, 716). Moreover, objective findings show normal grip strength and sensation (Tr. 324, 327-28, 434, 481, 549, 1151). Plaintiff fails to meet his burden of showing he suffers impairments that meet or equal any Listed impairment.

*D. RFC*

Last, Golder alleges the ALJ erred when she found he is able to perform a range of light work. ECF No. 18 at 10-11. The Commissioner responds that the ALJ's assessment is supported by the record. ECF No. 20 at 13-14.

ORDER - 15

This recasts plaintiff's allegation that the ALJ failed to properly weight the evidence. The ALJ relied on numerous findings when she assessed the RFC for a range of light work. In September 2008 (about five months after plaintiff's first surgery, an examining source opined Plaintriff could perform medium work with lifting restrictions (Tr. 653). The ALJ relied on the opinion of treating surgeon Timothy Berney, M.D., in April 2011 that Plaintiff was able to perform light work (Tr. 440). She relied on the opinion of examining physician Louis Kretschmer, M.D., in August 2011 that plaintiff should return to work immediately and could perform the work of computer technician. In making this assessment Dr. Kretschmer reviewed the June 1, 2011 MRI (Tr. 477, 484-85, 501, 608). The ALJ relied on plaintiff's extensive activities when she found Golder can perform a range of light work (see e.g., Tr. 515, 624, 628)(in May and September 2011 Plaintiff reports he is sore from riding a motorcycle).

The RFC is consistent with restrictions identified in the medical testimony. There was no error. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008).

The ALJ's assessed RFC is also consistent with the record as a whole. There was no harmful error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial

ORDER - 16

evidence and free of legal error.

**IT IS ORDERED**:

1. Defendant's motion for summary judgment, **ECF No. 20**, is **granted.**

2. Plaintiff's motion for summary judgment, ECF No. 18, is denied.

The District Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** the file.

DATED this 4th day of November, 2015.

*s/James P. Hutton*

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE

ORDER - 17